and Mr. Wu for the government. Mr. Zaka, are you ready to proceed? Yes, Judge. Good morning. My name is Derek Zaka. I represent the appellant, Leon Roberts, in this matter. May it please the Court, Judge, or Judges, the Fifth Amendment mandates that no person shall answer to a crime unless indicted by grand jury. The Sixth Amendment requires that a defendant be informed of the nature and cause of an accusation. Both were violated in this case, Judge. And the government agrees. The government agrees that both Mr. Roberts' Fifth and Sixth Amendment rights were violated when the Court constructively amended the indictment by including an additional means of convicting Mr. Roberts of the crime of sex trafficking by including the third mens rea of reasonable opportunity to observe. It's got to be retried now, right? Judge, we go one step further. The government argues that the relief granted should be a reversal of the conviction and a retrial. I make the additional argument of a Rule 29. It's a de novo review, Judge, and we argue under Rule 29 that basically the Court should be limited to looking at the record on the means indicted in the indictment. That's not what the Eighth and the Tenth Circuits said when they were faced with circumstances exactly the same with what we have here. They held that we have to take a look at whether there's sufficient evidence introduced at trial to support the verdict the Court rendered rather than a verdict on the original charges. And if it does, there's no double jeopardy violation and we get it retried. Why should we depart from what the other circuits do? That's correct, Judge. You're referring to the Farr opinion of the Tenth Circuit and the McDill opinion of the Eighth Circuit, I believe. Judge, and those cases do stand for that proposition. I don't disagree of what those cases stand for. However, I submit to the Court that we shouldn't follow those, or this Court shouldn't follow those opinions which are persuasive on this Court because the indictment should control the record in review. In other words, the offenses that are alleged in the indictment should control what... But this is just an element, not a different offense, correct? That's correct, Judge. And so what you're essentially saying is if they had, just so I understand, if they had sufficient evidence to convict under the indictment as charged, then it can be reversed and remanded. I think the law's clear on that, yes. And if we view the evidence, even under your theory, if we view the evidence in the light most favorable to the government, wasn't there at least circumstantial evidence, including him saying he knew she was 14, to convict under the evidence as charged? There's circumstantial evidence, yes, Your Honor. I'm not going to disagree with the record on that point. However, what I pointed out in my reply brief is the fact that that admission, which is probably the government's strongest argument of knowledge or perhaps reckless disregard, is that that admission was done at the time of arrest. It wasn't dated to the time the offense was committed. So basically it's an admission that when he told... But you agree it's still circumstantial evidence. And when you combine that with the fact that he knew her exact birth date, that he threatened to turn her over to child net, and that Anderson told Roberts she was underage, I mean, you can, all that evidence at the time of arrest, surely the jury can use. And so even under your theory, isn't it hard to throw it out? Well, Judge, absolutely. If this court rules with disregard what the government argues, which is, Judge, they ask this court to look at reasonable opportunity. If you just look at reckless disregard, which is one means of proving mens rea, or actual knowledge, which is the other means of proving mens rea in this case, which is what was charged in the indictment. Yes, Judge. I'm not going to argue that a jury couldn't take away and conclude that that is sufficient evidence to convict. I simply argue that under Rule 29 and under looking at the record, that no reasonable jury could find for reckless disregard or actual knowledge. However, Judge, I submit to you that that's on the record. The only distinction I put in the reply is that that admission was made at the time he was being detained and essentially arrested. And I also want to point out something else in the record. Because the government does make that argument that, hey, you know, that is sufficient evidence. He is the one that actually called the police and called law enforcement to report her as being an underage person prostituting herself. I argue that in the reply that it's not necessarily unreasonable to conclude that he didn't learn her age at the moment he was arrested, as opposed to earlier. That's a good argument. And a jury could weigh all the evidence. The problem is, right, is the standard. Even under your theory, the standard is the problem, which we view all the evidence in the light most favorable to the government. Sure. No, I understand that, Judge. It's hard for me to argue otherwise. How do you deal with Judge Wilson's point, which is that these other cases, how are they wrong? How do we adopt a different standard? What gives us the authority to do so? Well, Judge, number one, they're persuasive. So this court is inclined to do what and rule in the manner it so chooses and choose to disagree with the 10th and the 5th and the... And one Supreme Court justice, right? You're right, Judge. The government aptly points out that it's Judge Gorsuch that wrote the far opinion. But nonetheless, Judge, I just think that when a court is reviewing a record under Rule 29, an appellate court, it should stick to what's charged in the indictment to see if the government proved what it alleged. It shouldn't go beyond the four corners of the indictment and look at other possible ways, other possible lawful ways of proving the crime in looking to sustain or, in this case, reverse or, excuse me, affirm a conviction. It should stick to the four corners of the indictment, Judge. And not look at the case and say, hey, what could have the government proved to determine whether the Rule 29 should be denied? Didn't the Supreme Court do that in Nader over Justice Scalia's dissent? In Nader's the tax case where they missed an element altogether and the Supreme Court said it's harmless error because the evidence proved it. Well, in all candor, Judge, I don't believe Nader was, I'm not familiar, terribly familiar with that opinion. I didn't see it in our, I don't think it was briefed by either side. So I'm sorry to spring it on you. It's okay, Judge. I'll do the best I can in this moment. So I'm unfamiliar with that opinion. Neither side cited that case. However, Judge, the best case that I had in my favor was the Griffin opinion. And I, look, it's not directly on all four points. But I think the court there, in the language of the Griffin opinion from the Supreme Court, focused on what was alleged in the indictment. In that case, it was a 371 conspiracy, obstruction of a government agency. One was a DEA. The other was the IRS. The evidence, apparently, after, once it got to the appellate level, the evidence was insufficient. All sides agreed that it was insufficient, that the DEA was interfered with. But it was a general verdict that was returned. And in that case, the court ruled that the verdict could stand. The conviction was affirmed because the focus was what was charged in the indictment, even though there was insufficient evidence. What did the Eighth and the Tenth Circuits do with the Supreme Court's decision in Griffin? Oh, the Eighth and the Tenth, in terms of, are you referring to the Farr opinion, Judge, and McDill? Yeah, Farr and McDill. Oh, clearly, Judge. I don't disagree with the fact that they look at that opinion, but they don't look at it in terms of the way the defense looks at it. They look at it from the government's perspective. And it doesn't dissuade them from determining that even though a particular means of violating the statute wasn't alleged in the indictment, they still could look at the record itself, see if there was sufficient evidence of that unindicted means, and deny the Rule 29. So I agree with the government in that point, in terms of the findings and conclusions of those two cases. All right. Judge, that completes my presentation at this point. Unless there's any other further questions, I'll sit. Thank you. Mr. Zaka, we'll hear from Mr. Wu. Good morning, Your Honors. May it please the Court, Jason Wu on behalf of the United States. With me at counsel table is Kathy Koons, who tried the case. The only remaining disputed issue here is the question of whether there was sufficient evidence, more than, on all three of the alternative mens rea elements in 18 U.S.C. 1591. Those being that one, Roberts knew that his victim was a minor. Two, that he recklessly disregarded that fact. Or three, he had a reasonable opportunity to observe the victim. But I'll begin with the first two, because I think the important thing to recognize is this Court does not actually have to reach and decide that unresolved, what we might call the Farr-McDill issue, about how to deal with sufficiency of the evidence in a constructive amendment. Because this Court can affirm solely on the basis that there was sufficient evidence of either actual knowledge or reckless disregard, which I believe is the point that Judge Thapar was making. Why can we do that if it wasn't presented to the jury? So, Judge Thapar, all three theories were presented to the jury. The judge's I'm sorry to interrupt you, but I thought the government argued, tell me if I'm wrong, below that, to the jury, the reasonable opportunity to observe. The government focused some of its presentation on that theory and probably relied on it the most. But of course, in reciting the jury instructions and explaining them to the jury, I believe the presentation was essentially something, I'm paraphrasing, but it was, you can find knowledge, you can find reckless disregard, but please look at this instruction that also says you can rely only on reasonable opportunity. So I think the government made clear to the jury this is sort of a you can pick and choose option. All three of those mens rea possibilities were on the table. And certainly the Court instructed the jury that way. So that was an available option for them. Turning to those two, Judge Thapar, you already pointed to the strongest evidence of knowledge in the record, which is that when Roberts was interviewed by the FBI, he accurately identified the minor. He called her a 14-year-old girl who was living with him in that one hotel room. And moreover, he accurately identified her birth month and date. I think that's actually more than circumstantial evidence. That seems pretty direct to me. But in any event, it's certainly circumstantial evidence that he knew throughout the course of the offense. And I'll stress on this regard, I have a disagreement with my friend here. He gets tried twice for the same offense. Correct. Correct. Just as in any case where we acknowledge there was a defect or an error in the trial process, it results in a retrial. Yes. And of course, we're not bound by the Eighth or the Tenth Circuit's decisions either, are we? Correct. You are not. And to be clear, I haven't reached that issue yet because, as I said, I think if you conclude there's sufficient evidence of either knowledge or reckless disregard, this case would go back for a retrial. But let's say we look at the Eighth and the Tenth Circuit's decision and we decide that we're going to follow their decision. There's not a whole lot of analysis in those decisions. What's the basis for, what's the analysis, what's the reasoning that we should, why should we have a whole lot of analysis? I agree that the McDill case is slightly less. I actually think Judge, then Judge Gorsuch, presented a fair amount of analysis. And the key, the crux of his analysis was that there's a contrast between what he called defects in the trial process on the one hand and insufficiency of the evidence on the other. So almost every defect in the trial process, even one that is per se reversible, results in a retrial. And, you know, as he mentioned, or as he cited in Farr, there are cases such as Burke's in the Supreme Court holding to that effect and including Judge Thapar mentioned Nader, I believe, also supports that to some extent. For instance, in that case, there was a defect in the jury instructions. And so the essential divide here, and I think the analysis is that when you have a defect in the trial process, you get a retrial. That's the appropriate remedy because, as then Judge Gorsuch said in Farr, the remedy of retrial actually honors the defendant's right to be tried and adjudicated in a fair process. If I could give an example, I think this might be illuminating because what we have here is really a notice issue. The fact that the indictment did not include an element means that arguably the defendant was not on notice of this theory. This is no different than a case where, for instance, the government relies on expert evidence or 404B evidence at trial, but fails to give adequate notice of it before trial. If this court concluded that such an error was prejudicial, it would reverse and remand for a retrial. But then when it turned to the sufficiency of the evidence, it certainly would not act or pretend as if that expert had never testified or that the 404B did not exist. It would evaluate the sufficiency including that evidence, even though it was inadequately noticed. And that's analogous to what we have here. We have an indictment where two of the three theories were noticed. One was not. So the appropriate remedy, as this court's precedents make very clear, is a remand for retrial. If he was found not guilty, you couldn't indict him on this third element, correct? This third knowledge element, so to speak. Correct. That is correct. So the only reason you can is he was found guilty in this instance, and that's why the double jeopardy clause doesn't exist. Correct. Yes. Yes, Your Honor. And another way you can think about it is sufficiency of the evidence is somewhat unique in the sense that the party at fault in sufficiency, arguably, is the jury. It's sort of the only claim that a defendant can make where he's essentially saying the jury made a mistake, right? The jury convicted me, but in fact the only reasonable thing the jury could have done was acquit. And I think that's why it's a unique circumstance where the remedy is an acquittal by the court and a bar on retrial due to the double jeopardy clause. Virtually every other type of error or defect in the trial process is made by potentially the court, potentially the government, or the other parties. And therefore, the appropriate remedy is a retrial so that he can have a fair adjudication. In our case of United States v. Mozzi, the court said that under this statute, if the government proved the defendant had a reasonable opportunity to observe the victim, it need only prove that he recklessly disregarded the fact that she was underage. So that case suggests to me that Section 1591C requires both proof that the defendant had a reasonable opportunity and also a reckless disregard. Is that correct? That's correct, Your Honor. However, I'll note, Mozzi concerned the pre-2015 version of the statute, and the language had quite a significant difference. So in the pre-2015 version of the statute, that subsection C said the government, in cases where the government proves reasonable opportunity to observe, then it need not prove actual knowledge. And so that led to some interpretive difficulty. There was a circuit split on the issue, and this court came down on the side that said, essentially, reasonable opportunity to observe looks to us like an evidentiary substitute or form of proving reckless disregard. However, in 2015, Congress amended the statute. The version that was operative in this case, the subsection C said, when the government proves reasonable opportunity to observe, it need neither prove actual knowledge nor reasonable disregard. Therefore, it seems clear now that Mozzi is abrogated going forward. In other words, it applies to cases under the pre-2015 statute, but not from here on out. I'll briefly mention, I think, if this court adopts the Eighth and Tenth Circuit standards and considers the sufficiency of the evidence on the reasonable opportunity theory, the evidence there is even clearer and more powerful. As argued by the government, the defendant here lived with the minor victim in a single room for more than a month while he was prostituting her. And that's more than adequate to show reasonable opportunity to observe under this court's prior cases, including the Blake case I cited, where just five or six opportunities, direct contact with a minor, suffice to constitute a reasonable opportunity. If there are no further questions, the government rests on its briefs and respectfully asks that this court reverse, but remand for a retrial. Judge Wilson, you asked the question to the government, why should this court consider and follow the Eighth and Tenth Circuits? Something to consider here. We don't know what was going on through the jury's mind. However, what we do know is that the jury was instructed, as the law of the case, that they could find the defendant guilty if he had a reasonable opportunity to observe the defendant. They could have concluded that he had no actual knowledge of her minor status. They could have concluded that he had no reckless disregard of her minor status. But he certainly had a reasonable opportunity to observe her. They could have made that conclusion. And if this court follows the Eighth and the Tenth, essentially what will happen is a second bite at the apple from the government's perspective, because he's already been, for all we know, he's already been adjudicated and acquitted on those two theories, and yet he's going to be put in jeopardy twice. That happens all the time, right, when we reverse for trial error. Like every time we reverse for trial error, we don't know what the jury did. For example, an instruction error, where they instruct improperly. And then they get a second bite at the apple. And the double jeopardy clause doesn't protect from that. So what I'm struggling with is the reason I think the Eighth and Tenth Circuit are right, just to be candid with you, is I don't know where we can hang our hat unless we say this is some kind of due process violation. And maybe you can educate me on that. Like what would we do under – what would we use? What constitutional right would we use to say the government doesn't get a retry when this is the error versus every other error that's made? Judge, the best response I can have is that it goes back to the Fifth Amendment. It goes back to the indictment. The government controls what the indictment says. They're the ones who present the charges to the grand jury. They dictate what the defendant will stand accused of. So they have control of that language. They need to stick to that language. And any review – yes? I may agree with you from a fundamental fairness perspective that the government has control and they should get it right. But where – like what in the Constitution gives us the authority to say he doesn't get to be tried again? And the only thing I can point to is the Double Jeopardy Clause, but that doesn't apply in this circumstance under the theory I just gave you. You don't have to accept that, obviously. And the two of them could – Your opinion carries a lot of weight here. Well, no. It's only one. But I'm just curious. Like you're saying the Fifth Amendment, but what? What in the Fifth Amendment? Judge, all I can point to is the fact that the – and again, it's possibility. We don't know what the jury was thinking. But the idea that the defendant or any defendant could be put in jeopardy twice for the same offense on an error not caused by him, in this case advocated by the government because the government advocated for that instruction, the instruction that went outside the indictment. They advocated for it. They wanted it because, quite frankly, that was their best – When did the error take place? Did it take place when the court gave the jury instructions or did the error take place before the trial even began when the indictment was returned? Well, Judge, that's a hard question from my perspective to answer. It seems to me that the government, before they present the indictment, they know their case. They know what their evidence is. They know what they present to the grand jury. So I could argue that the error started from them, from the government's perspective, by not including the reasonable opportunity language in the indictment. I guess the reason I ask the question is because I guess you could make the argument that it's not a trial error if the error takes place before the trial. It's the government's mistake. No, I think that's a fair way of putting it, Judge, because, again, they control the indictment. They know their case. They dictate it, and then they follow through with the trial and then advocate for that very instruction that they're not entitled to have on the indictment that they brought, that they drafted. And I just think from a fundamental point of view, Judge, it's just unfair to the defense. All right. Thank you for the argument, Mr. Zaka, and I see that you were appointed by the court to represent Mr. Roberts. The court appreciates your service. Thank you, Judge. Have a good morning. Thank you.